IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH McCARTER, # 2015-1203249, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-124-SMY |
| ) | |
| PATTI MARKS, ) | |
| SCOTTI LOVERS, ) | |
| and BETH SLINGER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at the Cook County Department of Corrections ("CCDC") where it appears he was awaiting trial at the time he filed this action (Doc. 1-1, pp. 3, 5, 10). His claims arose while he was confined at the Choate Mental Health Center in Anna, Illinois ("Choate") in connection with a finding that he was unfit to stand trial. *Id*. Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendants used excessive force against him, violating his constitutional rights.

A prisoner who is charged with a crime and is unfit to stand trial is subject to the provisions of the Prison Litigation Reform Act ("PLRA"). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

### The Complaint

Plaintiff alleges that on August 18, 2015, Defendant Marks choked him for no reason. This occurred in the Sycamore Lower Forensic area of Choate (Doc. 1, p. 5). After that choking incident, Defendant Lovers "Attended [sic] to harm Plaintiff['s] person by pushing with forearm five times into the chairs." *Id*. Plaintiff asserts that these actions violated his Eighth Amendment rights, and caused him mental and emotional injury. Plaintiff also names Beth Slinger as a Defendant in the caption of the Complaint, but says nothing about her elsewhere in the pleading.

In his request for relief, Plaintiff notes that the Court has supplemental jurisdiction over his state law claims (Doc. 1, p. 6). He seeks unspecified injunctive relief as well as compensatory and punitive damages.

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment excessive force claim against Defendant Marks, for choking Plaintiff on August 18, 2015;
>
> **Count 2:** Fourteenth Amendment excessive force claim against Defendant Lovers, for pushing Plaintiff.

While Plaintiff correctly notes that this Court would have jurisdiction over related state law claims, the Complaint does not articulate any such state law causes of action. Therefore, any state law claims that might be based on these incidents are dismissed without prejudice.

Defendant Slinger shall also be dismissed from the action without prejudice. Plaintiff does not describe any conduct on her part at all, let alone anything that she might have done to violate his constitutional rights. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

### Counts 1 and 2 – Excessive Force

Plaintiff was confined at Choate as a pre-trial detainee. Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010). In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline", but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff's claim in Count 1 that Defendant Marks choked him states a potential Fourteenth Amendment claim that merits further review. Likewise, the Count 2 claim against Defendant Lovers suggests that the "pushing" may have been an excessive use of force. Thus, both counts shall receive further consideration in this action.

Plaintiff's request for injunctive relief, however, has become moot now that he is no longer confined at Choate. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be confined at Choate under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Disposition

Defendant **SLINGER** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **MARKS** and **LOVERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 13, 2016**

s/ STACI M. YANDLE  
**United States District Judge**
