IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH MCCARTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-CV-00124-NJR-RJD |
| PATTI MARKS and SCOTT LOVELACE, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Sanctions (Doc. 29) filed by Defendants Patti Marks and Scott Lovelace.[1] For the reasons set forth below, the Court grants the Motion for Sanctions and dismisses this action with prejudice.

On February 3, 2016, Jeremiah McCarter filed this lawsuit pursuant to 42 U.S.C. § 1983 for incidents alleged to have occurred while he was confined at Choate Mental Health Center in Anna, Illinois. (Doc. 1). On June 21, 2016, Mr. McCarter notified the Court he had been discharged from custody and provided the Court with his new address in Chicago. (Doc. 14). A deposition of McCarter was scheduled for August 4, 2017, and notice of the deposition was sent to the address McCarter provided to the Court. (Doc. 22, p. 1). When McCarter failed to appear for the deposition, Defendants filed a Motion to Compel Discovery. (Doc. 22).

---

[1] Defendant Lovelace was identified by Plaintiff as "Scotti Lovers" in the Complaint, but he appeared through counsel noting that his name is in fact Scott Lovelace (*see* Doc. 17). The Clerk of Court is **DIRECTED** to note this change on the docket sheet.

On August 23, 2017, Magistrate Judge Reona J. Daly granted Defendants' motion and ordered McCarter to contact Defendants' counsel and make himself available for deposition. (Doc. 25). Magistrate Judge Daly further warned McCarter that failure to make himself available for deposition could result in this matter being dismissed for failure to prosecute. (Doc. 25). McCarter failed to contact Defendants' counsel to schedule a deposition by the court ordered deadline. (Doc. 29, p. 2). The Court has likewise heard nothing from McCarter for months.

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to sanction a party for not obeying a discovery order, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court is mindful of the difficulties prisoners face in proceeding *pro se*, as well as the additional obstacles McCarter likely faced when he was paroled from prison. Those difficulties, however, do not excuse a plaintiff from complying with deadlines, following the Court's direct orders, or maintaining basic communication with the Court. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The Court finds that McCarter has failed to obey a direct order of this Court and that dismissal of this action with prejudice is an appropriate sanction.

For these reasons, Defendants' Motion for Sanctions is **GRANTED**, and this action is **DISMISSED with prejudice.** The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

Finally, out of an abundance of caution, the Court advises McCarter as follows. If

he wishes to contest this Order, McCarter has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If McCarter chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). The deadline can be extended for a short time only if McCarter files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. Fed. R. App. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if McCarter wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by McCarter showing excusable neglect or good cause.

If McCarter chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. Fed. R. App. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If McCarter cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* Fed. R. App. P. 24(a)(1). The IFP motion must set forth the issues McCarter plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:** October 31, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**